IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARLOS ORTIZ | * | |
| Petitioner | * | |
| v. | * | Civil Action No. WDQ-12-689 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM

Carlos Ortiz, a federal inmate, filed this Petition for Writ of Audita Querela pursuant to 28 U.S.C. § 1651(a). For reasons to follow, the Petition will be denied.

### I.  PROCEDURAL HISTORY

In 1993, Ortiz was convicted by a jury of conspiring to distribute and possess with the intent to distribute heroin and fentanyl and sentenced to a term of life imprisonment. *See United States v. Ortiz*, Criminal Action No. WDQ-92-301. His conviction and sentence were affirmed on appeal. *See United States v. Ortiz*, 52 F.3d 323 (4th Cir. 1995) (unpublished).

On April 10, 1997, Ortiz filed a Motion to Vacate, Set Aside or Correct Sentence which was denied on April 14, 1997. *See Ortiz v. United States*, Civil Action No. WDQ-97-1065 (D. Md. 1997). In 2001, the United States Court of Appeals for the Fourth Circuit denied his request for permission to file a second or successive § 2255 petition. His subsequent attempts to challenge his judgment under 28 U.S.C. § 2241, Rule 60(b) of the Federal Rules of Civil Procedure, and the All Writs Act, 28 U.S.C. § 1651(a), were unsuccessful.

II.     PETITIONER'S CLAIMS

In this Petition Ortiz, who is self-represented, argues his life sentence exceeded the statutory maximum and he should instead have been sentenced to "'Conspiracy to Traffick [sic]in Fentanyl Sans Resulting Death.'" to comport with the holding in *United States v. Promise*, 255 F.3d 150, 156-57 (4th Cir. 2001) (specific drug quantities must be treated as elements, rather than sentencing factors, of aggravated drug trafficking offenses because the quantity finding exposes the defendant to an increased penalty under 21 U.S.C.A. §841(b)(1)(A)). Petition, p. 3. Ortiz further argues his sentence was enhanced on the basis of facts not found by the jury and was rendered infirm in light of the United State Supreme Court's decision in *Jones v. United States*, 526 U.S. 227 (1997).[1] Ortiz posits that "Jones revealed a fundamental defect in the construction" of his offense "revealing it to be merely the 20-year offense under § 841(b) (1) (c) as opposed to the separate, aggravated variant" punishable by life. Petition, p. 24. Ortiz alleges that because the sentencing court erred by enhancing his sentence on the basis of facts that were not found by the jury, his life sentence must be vacated and a sentence for the lesser included offense entered. Petition, p. 33.

---

[1] Although Petitioner states his claim is based on *Jones*, 526 U.S. at 227, he is in effect predicating his claims on Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ( holding "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt) and its progeny. The Supreme Court has not made its decisions in those cases retroactively applicable to cases on collateral review. *See United States v. Sanders*, 247 F.3d 139 (4th Cir.2001); *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). Regardless of whether the Petition is styled as a § 2255 motion or Petition for Writ of Audita Querela, if the conviction became final prior to announcement of the rule, the rule does not apply retroactively.

III.  **DISCUSSION**

   A. **Writ of Audita Querela**

The Writ of Audita Querela provides extraordinary relief appropriate only in rare circumstances. *See United States v. Denedo*, 556 U.S. 904, 129 S.Ct. 2213, 2224 (2009).[2] It is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of the circumstances that arose after the judgment was issued. *See Carrington v. United States*, 503 F.3d 888, 890 n. 2 (9th Cir. 2007). Additionally, Audita Querela may not be used to challenge a conviction or sentence when the same challenge can be raised under 28 U.S.C. § 2255. *See United States v. Valdez–Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (collecting cases stating Audita Querela relief is not available to challenge a conviction or sentence when the prisoner's contentions could otherwise have been raised in a § 2255 motion).

   B. **28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct**

Where, as here, a petition challenges the validity of the sentence, a § 2255 motion is the proper legal proceeding to request collateral relief. *See* 28 U.S.C. § 2255.[3] The fact that Ortiz

---

[2] Writs of Coram Nobis and Audita Querela were used at common law to challenge infirm judgments. *See United States v. Torres*, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002). A Writ of Coram Nobis was used to attack judgments that were infirm when issued for reasons discovered later. *See id.* (internal quotation omitted). A writ of audita querela was used to attack judgments that were correct when issued but later rendered infirm. *See id.* (internal quotation omitted). Rule 60(b) of the Federal Rules of Civil Procedure abolished both writs, but the Supreme Court later held that the Writ of Coram Nobis was still available in the criminal context. *See United States v. Morgan*, 346 U.S. 502 (1954). Federal courts have generally held the Writ of Audita Querela may also still be available under extraordinary and rare circumstances. *See United States v. Reyes*, 945 F.2d 862, 865–66 (5th Cir. 1991) (citing cases).

[3] Section 2255 provides the primary means of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. Under 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by

previously filed a § 2255 motion that was denied does not render § 2255 relief unavailable or inadequate so as to warrant extraordinary relief under the Writ of Audita Querela. *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) (stating "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion ....") (omitting citations); *Carrington v. United States,* 503 F. 3d 888, 890 (9th Cir. 2007) (statutory limits on successive habeas petitions do not create a "gap" in the post-conviction scheme that can be filled with common law writs); *Valdez-Pacheco*, 237 F.3d 1080, cited with approval in *In re Watkins*, No. 06-07807, 2007 WL 1041035 (4th Cir. 2007) (unpublished) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by common law writs."); *United States v. Aguilar*, 164 F. App'x 384, 384 (4th Cir.2006) (unpublished) ("[B]ecause § 2255 exists as a vehicle for collaterally attacking a conviction or sentence, the use of an extraordinary writ [of audita querela] for the same purpose is inappropriate.").

Ortiz's claims are cognizable under 28 U.S.C. § 2255, and statutory requirements for filing a second or successive § 2255 in federal district court may not be avoided by captioning the Petition under Audita Querela. *See e.g. Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (subject matter of motion determines its status, not its caption); *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996). This Petition is tantamount to a successive § 2255 over which this Court lacks jurisdiction unless prefiling authorization from the Court of Appeals has been

---

law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

obtained.[4] Ortiz does not allege he has obtained permission to file a successive §2255 motion, and this Court lacks jurisdiction to consider his claims under §2255.

## IV.    CERTIFICATE OF APPEALABILITY

A Certificate of Appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When relief is denied on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where, as here, relief is denied on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *See Slack*, 529 U.S. at 484-85. Ortiz has not made that requisite showing and a Certificate of Appealability will be denied.

## V.    CONCLUSION

For the above stated reasons, the Court finds issuance of a Writ of Audita Querela is unwarranted. The Petition will be denied and this case closed by separate Order to follow.

3/13/12
Date

William D. Quarles, Jr.
United States District Judge

---

[4] A court may summarily dismiss a § 2255 motion where it "plainly appears" a petitioner is not entitled to relief. *See* Rule 4, "Rules Governing § 2255 Proceedings."